J-A25012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JOHN CLARK | : | |
| | : | |
| Appellant | : | No. 203 WDA 2022 |

Appeal from the PCRA Order Entered January 24, 2022,
in the Court of Common Pleas of Jefferson County,
Criminal Division at No(s):  CP-33-CR-0000268-2009.

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED: OCTOBER 6, 2022**

Michael John Clark appeals *pro se* from the order denying his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

In disposing of his direct appeal, this Court previously summarized the pertinent facts and procedural history as follows:

> On December 16, 2009, Clark entered a guilty plea to delivery of a controlled substance and was sentenced to five years in the Jefferson County Intermediate Punishment Program, including 6 months' partial confinement, with work release in the Jefferson County Jail.  On November 2, 2011, Clark was found to be in violation of the conditions of his probation.  The court extended his sentence in the County Intermediate Punishment program for two years, including six additional months of partial confinement and 90 days of electronic monitoring.  On November 14, 2012, Clark was again found to be in violation of his probation, after which the revocation court re-sentenced Clark to two years in the State Intermediate Punishment Program.

> Relevant to the instant proceeding, Clark appeared for yet another revocation hearing on June 23, 2014, at which it was determined that Clark had been administratively expelled from the State Intermediate Punishment Program due to various infractions. Thereafter the revocation court revoked Clark's participation in the State Intermediate Punishment Program, and resentenced him to four to fifteen years of incarceration, with credit for time served. Clark filed a motion to reduce sentence, which the court denied. This timely appeal followed.

*Commonwealth v. Clark*, 134 A.3d 107 (Pa. Super. 2015), non-precedential decision at 1-2.

On appeal, Clark's counsel filed a petition to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In this brief, counsel noted that Clark wished to challenge the discretionary aspects of his sentence. Finding no merit to this claim, we affirmed his judgment of sentence on October 26, 2015. *Clark*, *supra*. Clark did not seek further review.

On December 2, 2019, Clark filed a *pro se* document that he titled "Petition for Transcripts." The court properly treated this filing as a first PCRA petition and appointed counsel to represent him. On January 3, 2020, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), because the petition was untimely and Clark could not plead and prove an exception to the PCRA's time bar. On January 13, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Clark's PCRA petition without a hearing and

granted PCRA counsel's petition to withdraw. By order entered February 13, 2020, the court denied Clark's PCRA petition.

Clark filed a *pro se* appeal to this Court. On July 10, 2020, we affirmed the PCRA court's order denying post-conviction, after concurring with PCRA counsel's assessment that the petition was untimely. ***Commonwealth v. Clark***, 239 A.3d 62 (Pa. Super. 2020).

On December 16, 2021, Clark filed the *pro se* PCRA petition at issue, his second. On December 21, 2021, the PCRA court issued a Rule 907 notice of its intent to dismiss this petition as untimely. Clark did not file a response. By order entered January 24, 2022, the PCRA court denied Clarks' second PCRA petition. Clark filed this *pro se* appeal.

Before addressing the multiple issues Clark raises on appeal, we first consider the PCRA court's conclusion that Clark's second PCRA petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012)

- 3 -

(citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).[1]

Here, Clark's judgment of sentence became final on November 25, 2015, when the thirty-day period for filing a petition for allowance of appeal to our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date, or November 25, 2016, to file a timely PCRA petition. Because Clark filed his second PCRA petition in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

---

[1] Clark did not respond to the PCRA court's February 16, 2022, request for a Pa.R.A.P. 1925(b) statement. Thus, even if the PCRA court, in concluding that Clark's second petition was timely, his failure to respond would result in waiver of his claims on appeal. **See** Pa.R.A.P. 1925(b)(4).

Clark did not plead a time-bar exception in his petition. **Burton**, **supra**. Thus, the PCRA court correctly determined that Perkins' second PCRA petition was untimely filed, and the court lacked jurisdiction to consider the merits of any claims raised therein. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2022